UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN HARDIN,<br><br>    Plaintiff,<br><br>v.<br><br>MENDOCINO COAST DISTRICT HOSPITAL, et al.,<br><br>    Defendants. | Case No. 17-cv-05554-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: ECF No. 55 |

Before the Court is Defendants' motion to dismiss certain causes of action from Plaintiff's second amended complaint. ECF No. 55. The Court will grant the motion in part and deny it in part.

## I. BACKGROUND

Plaintiff Ellen Hardin brings this case against the following Defendants: Mendocino Coast District Hospital ("MCDH" or "Mendocino"), her former employer; Bob Edwards, MCDH's chief executive officer; Steve Lund, the president of MCDH's board of directors; and Wade Sturgeon, MCDH's chief financial officer. ECF No. 50 ¶¶ 4-8, 14. Hardin was formerly employed as MCDH's chief human resources officer ("CHRO"). *Id.* ¶ 14.

The Court dismissed several causes of action from Hardin's first amended complaint ("FAC") with leave to amend:

> the fourth cause of action for violation of the First Amendment as it relates to speech on alleged FEHA [Fair Employment and Housing Act] violations; the seventh cause of action for violation of California Government Code section 12940(j); the tenth cause of action for intentional infliction of emotional distress, as to Defendants Lund and Sturgeon only; the eleventh cause of action for negligent infliction of emotional distress; the twelfth cause of action for negligent supervision, hiring, and retention; and the thirteenth

cause of action for defamation, as to Defendants Lund and Sturgeon only.

ECF No. 43 at 17-18. Defendants now move to dismiss these causes of action from the second amended complaint ("SAC") with prejudice.

## II. LEGAL STANDARD

A complaint need not contain detailed factual allegations, but facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While this standard is not a probability requirement, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks and citation omitted). In determining whether a plaintiff has met this plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## III. DISCUSSION

### A. Section 1983 (First Amendment Retaliation)

The Court dismissed Hardin's First Amendment claim based on alleged FEHA violations from the FAC because Hardin failed to allege that her "speech was spoken in the capacity of a private citizen and not a public employee," *Eng v. Cooley*, 552 F.3d 1062, 1071 (9th Cir. 2009):

> Hardin's allegation that she engaged in protected speech when she 'voiced concerns regarding Mendocino's violation of the FEHA, involving a female Hispanic/Latin employee entitled to a raise and a male employee who sought a protected leave of absence for health issues' does not survive scrutiny, even at this early pleadings stage. ECF No. 10 ¶ 106. Hardin elsewhere alleges that she was "exercising her duties and obligations as the CHRO under the FEHA" when she "sought to ensure" that these employees' FEHA rights were protected. *Id.* ¶ 126-27. She does not allege that she discussed these issues outside her chain of command, nor does she

2

> allege that she ever spoke "in direct contravention to [her] supervisor's orders." *Dahlia* [*v. Rodriguez*, 735 F.3d 1060, 1075 (9th Cir. 2013) (en banc)]. Thus, she does not allege that she was speaking as a private citizen rather than as a public employee, and Defendants' motion to dismiss is granted as to this category of speech.

ECF No. 43 at 8.

Defendants argue that Hardin has failed to cure this deficiency in the SAC, which continues to allege that Hardin was "exercising her duties and obligations as the CHRO under the FEHA" when she "sought to ensure" that two employees' FEHA rights were protected. ECF No. 50 ¶¶ 140-41. The SAC also adds that, as CHRO, Hardin was "responsible for developing and executing human resource strategy for Mendocino," but that it was "not Plaintiff's job to repeatedly oppose Mendocino's illegal practices, which she often found herself faced with having to do." *Id.* ¶ 119. Hardin contends that "she was exercising her duties and obligations as the CHRO under the FEHA, ***not*** as part of her official duties of Mendocino . . . when she oppose[d] the unlawful practices of Mendocino." ECF No. 61 at 12-13 (emphasis in original). It might appear unlikely that the job duties of a chief human resources officer would not include reporting potentially illegal human resources practices. But, at this stage of the proceedings, the Court must construe the pleadings in a light most favorable to Hardin and accept as true Hardin's factual allegation that her job responsibilities did not include opposing Mendocino's illegal practices. *See Eng*, 552 F.3d at 1071 ("In evaluating whether a plaintiff spoke as a private citizen, we must therefore assume the truth of the facts as alleged by the plaintiff with respect to employment responsibilities."). Viewed under this standard, the SAC sufficiently alleges that Hardin's speech regarding alleged FEHA violations was not made as a public employee. *See* ECF No. 43 at 8 ("[W]hen construed in a light most favorable to Hardin, the complaint does not allege that such reports or investigations [of fraudulent billing] were part of Hardin's official job duties. This is sufficient to plausibly allege that she was not speaking as a public employee when she reported the alleged fraud. . . ."). The motion to dismiss Hardin's First Amendment retaliation cause of action is denied.[1]

---

[1] Hardin's opposition cites a number of California state court cases to for the proposition that "employees who are terminated or retaliated against for reporting illegal conduct may proceed

3

**B. Defamation**

The Court found that the majority of the alleged statements in the FAC did not support a defamation claim, but that allegations that "Edwards made 'accusations of wrongdoing in front of all Board Members' on December 15, 2016," plausibly stated a claim. ECF No. 43 at 12-13 (quoting ECF No. 10 ¶ 43). The Court therefore denied the motion to dismiss the defamation claim against Edwards but granted it "as to Lund and Sturgeon, who are not alleged to have made any allegedly defamatory statements." *Id.* at 14.

Hardin points to paragraphs 214-233 of the SAC as "describ[ing] various defamatory statements made by Defendants Lund and Sturgeon," but these paragraphs allege only one specific set of statements by Sturgeon and no specific statements by Lund.[2] ECF No. 26. Sturgeon is alleged to have made the following statements:

> On or about November 17, 2016, Plaintiff received an email from CFO Sturgeon accusing her of doing research into his staff, the off-site coders, without consulting him first. CFO Sturgeon expressed that he was disappointed that she was looking into whether the coders would be allowed to remain working remotely. Sturgeon had copied Edwards on his accusation about Plaintiff, inferring that Plaintiff and her staff were acting inappropriately in the performance of routine HR functions.

ECF No. 50 ¶ 217. The Court previously dismissed these statements as a basis for a defamation claim because Hardin did not allege that they were made to a third party. ECF No. 43 at 12; *see* ECF No. 10 ¶ 36. The SAC cures this deficiency by alleging that Sturgeon copied Edwards on this email. ECF No. 50 ¶ 217. Without citing any case law, Defendants argue that these statements are covered by the common interest privilege, which provides that a communication is

---

with claims even when the reporting of such conduct is part of their job duties." ECF No. 61 at 18-19 (emphasis omitted) (citing *Gen. Dynamics Corp. v. Superior Court*, 7 Cal. 4th 1164 (1994); *Thompson v. Tracor Flight Sys., Inc.*, 86 Cal. App. 4th 1156 (2001); *Flait v. N. Am. Watch Corp.*, 3 Cal. App. 4th 467 (1992); *Blom v. N.G.K. Spark Plugs (U.S.A.), Inc.*, 3 Cal. App. 4th 382 (1992)). However, retaliation under the First Amendment was not at issue in any of those cases.

[2] Of the specific statements alleged in these paragraphs by others, the Court has already found one set of statements – those alleged to have been made by Edwards at a December 15, 2016 board meeting – to be a sufficient basis for a defamation claim. ECF No. 50 ¶ 218; ECF No. 43 at 13. The Court found others – allegations regarding articles in the *Andersen Valley Advertiser* – to be insufficient. ECF No. 50 ¶¶ 219-21; ECF No. 43 at 13.

4

privileged if it is made "without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information." Cal. Civ. Code § 47(c); ECF No. 55 at 21. However, viewing the complaint in a light most favorable to Hardin, the Court cannot conclude, as a matter of law, that the statements were made without malice. Accordingly, Defendants' motion to dismiss Hardin's defamation cause of action is denied as to these statements.

Hardin also relies on more general allegations to support her defamation claim:

> While the precise dates of all defamatory publications are not known to Plaintiff, she is informed and believes that commencing in September of 2016, Defendants have made and continue to make false statements about Plaintiff and her job performance to Plaintiff's supervisors, coworkers, subordinates, and other persons, including news media. The statements Defendants published about Plaintiff included but were not limited to stating that Plaintiff engaged in wrong doing, violated policies and rules, that Plaintiff's performance was deficient, and indicating that Plaintiff would no longer be employed at Mendocino in the future. Defendants' false statements expressly and impliedly stated that Plaintiff was dishonest, unprofessional, not invested in Mendocino's success in the market place, and not a team player.

ECF No. 50 ¶ 222. She further alleges:

> Plaintiff is informed and believes, that such statements and documents were published to numerous employees of Mendocino, coworkers of Plaintiff, and other persons who reside in or around Mendocino County, California, including the media, employees and managers of Mendocino, all of whom are known to Defendants Edwards, Lund and Sturgeon, but are unknown at this time to Plaintiff, and whose identities shall be ascertained during discovery in this action, as well as the exact contents of defamatory statements.

*Id.* ¶ 223. These allegations are too conclusory to state a claim for relief. Even under federal liberal pleading standards, a plaintiff must allege the "substance of the alleged defamatory statements" and "specifically identify who made the statements, when they were made and to whom they were made." *PAI Corp. v. Integrated Sci. Sols., Inc.*, No. C-06-5349 JSW (JCS), 2007 WL 1229329, at *9 (N.D. Cal. Apr. 25, 2007). It is not enough, for example, to allege that "all of the co-conspirators" made false statements on certain topics without "identify[ing] who made

5

which statements or when they made each such statement." *Gressett v. Contra Costa Cty.*, No. C-12-3798 EMC, 2013 WL 2156278, at *30 (N.D. Cal. May 17, 2013) (quotation marks and citation omitted). Likewise, alleging that "Defendants, and each of them" published defamatory statements to "third person recipients and other members of the community who are known to Defendants, and each of them, but unknown to Plaintiff at this time" also fails to state a plausible claim for relief. *MacKinnon v. Logitech Inc.*, No. 15-CV-05231-TEH, 2016 WL 541068, at *5 (N.D. Cal. Feb. 11, 2016) (quotation marks and citations omitted). Nor is it sufficient to allege general statements "about . . . leadership abilities," or that someone "is an incompetent and dishonest leader who will not reveal to his group the elements necessary to be successful," or "about the character and business acumen" of the plaintiff. *Titan Glob. LLC v. Organo Gold Int'l, Inc.*, No. 12-CV-2104-LHK, 2012 WL 6019285, at *11 (N.D. Cal. Dec. 2, 2012) (quotation marks and citations omitted).

Hardin's defamation cause of action is therefore dismissed to the extent that it relies on these general allegations, but Defendants' motion is denied as to the statements allegedly made by Sturgeon on November 17, 2016, and by Edwards on December 15, 2016. The defamation cause of action is dismissed only as to Lund, who is not alleged to have made any defamatory statements with sufficient specificity. Because the Court's prior ruling on the motion to dismiss the FAC did not address lack of specificity, the Court will grant leave to amend.

**C.  Harassment**

The Court dismissed Hardin's cause of action for harassment under California Government Code section 12940(j) after concluding that Hardin did not sufficiently allege that "she was subjected to harassment because she belonged to [a protected] group," *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013) (citing *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121 (1999)):

> Although Hardin conclusorily alleges that she "was subjected to unwanted harassing conduct and a hostile work environment because of her age, gender, her opposition to discrimination, and her insistence that Mendocino comply with the FEHA concerning an employee who was on leave for a health issue and a Latin/Hispanic female employee who was entitled to a raise," ECF No. 10 ¶ 134,

6

> her opposition relies on allegations that Hardin suffered "numerous adverse employment actions . . . *because of engaging in the protected activity of exercising her duties to the FEHA*," ECF No. 37 at 25 (emphasis added). But section 12940(j) prohibits harassment based on membership in a protected group, not for complaining that the employer was violating FEHA.

ECF No. 43 at 11. The Court also explained that, under California law, harassment "consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management." *Id.* at 11-12 (quoting *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 64-65 (1996)).

In opposing Defendants' motion to dismiss the SAC, Hardin relies on *Roby v. McKesson Corp.* for the proposition that evidence of discriminatory personnel management decisions can support a harassment claim. 47 Cal. 4th 686, 705-11 (2009). In *Roby*, the California Supreme Court confirmed that FEHA distinguishes between discrimination and harassment, and that "commonly necessary personnel management actions do not come within the meaning of harassment. These actions may retrospectively be found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those for discrimination, not harassment." *Id.* at 707 (quotation marks, alterations, and citation omitted). However, the court explained, "in analyzing the sufficiency of evidence in support of a harassment claim, there is no basis for excluding evidence of biased personnel management actions so long as that evidence is relevant to prove the communication of a hostile message." *Id.* at 708. This is because "some official employment actions done in furtherance of a supervisor's managerial role can also have a secondary effect of communicating a hostile message." *Id.* at 709.

This Court previously concluded that the "vast majority" of activities alleged by Hardin – all but defamation – are personnel management decisions:

> The alleged conduct in this case includes "unwarranted discipline, criticism, stripping of [Hardin's] responsibilities, demotion, denying requests for time off, making false claims about her job performance, suspension, leaking confidential information to the news media, defaming Plaintiff, and ultimately termination." ECF No. 10 ¶ 19. The vast majority of these activities are "personnel management decisions" that cannot give rise to an intentional infliction of emotional distress claim even if, as Hardin alleges, they were "improperly motivated" by discrimination or retaliation. *Janken*, 46 Cal. App. 4th at 80; *see also id.* at 64-65 (characterizing

7

> "hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like" as "personnel management actions").
>
> However, the Court concluded above that Hardin has stated a defamation claim against Edwards based on his alleged statements at a board meeting. Defendants do not argue, and the Court is aware of no authority for the proposition that, such conduct falls within the realm of "personnel management decisions."

ECF No. 43 at 15-16. Although the Court was discussing these activities in the context of Hardin's claim for intentional infliction of emotional distress, the same analysis applies to the distinction between harassment and discrimination. Thus, as with Hardin's claim for intentional infliction of emotional distress, the alleged defamation may give rise to a claim for harassment rather than discrimination. As discussed above, Hardin has stated a defamation claim against both Edwards and Sturgeon, and she has therefore alleged harassing, and not just discriminatory, conduct by these two Defendants.[3]

In addition, even though the SAC merely repeats the conclusory allegation from the FAC that Hardin "was subjected to unwanted harassing conduct and a hostile work environment because of her age [and] gender," *compare* ECF No. 50 ¶ 147 *with* ECF No. 10 ¶ 134, Defendants do not dispute that Hardin has stated a plausible claim for discrimination. If the alleged personnel management actions were, in fact, discriminatory, then such evidence would support a reasonable inference that the harassing conduct was based on Hardin's age and gender. *See Roby*, 47 Cal. 4th at 711. Whether the allegedly discriminatory actions had the "secondary effect of communicating a hostile message" remains a question for the jury. *Id.* at 709. At the pleadings stage, it is sufficient to allege "a combination of personnel management actions that could create a harassing atmosphere as well as conduct outside the scope of necessary job performance." *Wells v. Regents of the Univ. of California*, No. 15-CV-01700-SI, 2015 WL 6746820, at *6 (N.D. Cal. Nov. 5, 2015). Hardin has met this standard, and Defendants' motion to dismiss her harassment claim is denied.

---

[3] Hardin does not assert the harassment cause of action against Lund. ECF No. 50 ¶ 146 ("This cause of action is asserted against all Defendants, except Lund.").

8

## D. Infliction of Emotional Distress

Defendants move to dismiss both the negligent infliction of emotional distress ("NIED") and intentional infliction of emotional distress ("IIED") claims from the SAC on grounds that they are barred by workers' compensation exclusivity. The Court has already rejected this argument and does not find good cause to reconsider it. ECF No. 43 at 14.

### 1. Intentional Infliction of Emotional Distress

The Court also explained that "[a] simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Id.* at 15 (quoting *Janken*, 46 Cal. App. 4th at 80). Now that Hardin has adequately alleged a defamation claim against Sturgeon, she has also alleged an IIED against him. *See* ECF No. 43 at 16 (denying motion to dismiss IIED claim as to Edwards on grounds that defamation can give rise to an IIED claim). However, the Court continues to find Hardin's defamation claim deficient as to Lund, and Hardin has alleged no other conduct outside of personnel management activities by him. *Id.* Hardin's IIED claim is therefore dismissed as to Lund. Because the Court grants leave to amend the defamation claim, it also grants leave to amend the IIED claim.

### 2. Negligent Infliction of Emotional Distress

The Court dismissed Hardin's NIED claim from the FAC because Hardin failed to allege any duty. *Id.* at 14-15. The SAC now alleges that "Defendants owed Plaintiff a duty to operate Plaintiff's place of employment in a manner that was free from unlawful discrimination, harassment and retaliation, and to hire, train, supervise and discipline his employees to fulfill that duty"; that "Defendants had a duty to refrain from causing damages to Plaintiff"; and that "Defendants also had a duty to exercise due care toward Plaintiff and to refrain from carelessly, negligently, and arbitrarily inflicting emotional distress upon her." ECF No. 50 ¶¶ 192, 193, 195.

The Court does not decide whether these allegations are sufficient to allege a duty because her NIED claims fail for a different reason: intentional conduct, including supervisory conduct by an employer, cannot give rise to a negligence cause of action. *E.g.*, *McNaboe v. Safeway Inc.*, No. 13-CV-04174-SI, 2016 WL 80553, at *6 (N.D. Cal. Jan. 7, 2016); *Semore v. Pool*, 217 Cal. App.

9

3d 1087, 1105 (1990). Hardin argues that both her IIED and NIED claims "are directly predicated on her above described allegations of the retaliation, FEHA and the defamation claims of the Plaintiff." ECF No. 61 at 25. All of these alleged actions reflect intentional conduct. Hardin's NIED claim is therefore dismissed, without leave to amend because no amendment would cure this defect.

### E. Tort Claims Against MCDH

Finally, Defendants again move to dismiss the IIED, NIED, and negligent supervision, hiring, and retention causes of action against MCDH on grounds that it is immune from suit. First, as discussed above, Hardin has adequately stated an IIED claim against Defendants Edwards and Sturgeon. MCDH is therefore potentially liable under California Government Code section 815.2(a), which provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." The motion to dismiss the IIED claim against MCDH is denied.

Second, the Court has already dismissed the NIED claim because Hardin alleges only intentional conduct. This ruling applies to MCDH as well as to individual Defendants. In addition, because Hardin cannot state an NIED claim against any individual defendant, section 815.2(a) does not provide for any liability by MCDH. Nor has Hardin cited any other statutory basis for liability. *See* Cal. Gov't Code § 815(a) ("Except as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."). The NIED claim against MCDH is dismissed with prejudice.

Finally, the Court previously explained that section 815.2(a) does not apply to a negligent supervision, hiring, and retention claim because such a claim "is one of direct liability for negligence, not vicarious liability." ECF No. 43 at 16-17 (quoting *Delfino v. Agilent Techs., Inc.*, 145 Cal. App. 4th 790, 815 (2006)). The Court further held that California Civil Code sections 1708 and 1714(a) "are not sufficient to impose liability on public entities," and instructed Hardin to "include in her amended complaint the statutory basis for liability" if she amended this claim.

10

*Id.* at 17. The SAC cites only to California Civil Code section 1714(a) and to vicarious liability under California Government Code section 815.2. ECF No. 50 ¶¶ 208-09. Hardin's opposition cites these statutes as well as California Civil Code section 1708. ECF No. 61 at 30. But the Court has already ruled that these three provisions cannot provide the necessary statutory basis for liability. Accordingly, Hardin's negligent supervision, hiring, and retention cause of action is dismissed. Dismissal is with prejudice because Hardin has already had one opportunity to amend and failed to cure the identified deficiency. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." (citation omitted)).

## CONCLUSION

Defendants' motion to dismiss is granted in part and denied in part. The motion is granted with prejudice as to the eleventh cause of action for negligent infliction of emotional distress and the twelfth cause of action for negligent supervision, hiring, and retention. It is granted with leave to amend as to the tenth cause of action for intentional infliction of emotional distress and the thirteenth cause of action for defamation as to Defendant Lund. The motion is denied in all other respects.

Any amended complaint must be filed within fourteen days of the date of this order. Failure to file a timely amended complaint will result in dismissal with prejudice of the intentional infliction of emotional distress and defamation causes of action against Lund.

**IT IS SO ORDERED.**

Dated: December 4, 2018



JON S. TIGAR
United States District Judge

11