UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN HARDIN,<br><br>        Plaintiff,<br><br>    v.<br><br>MENDOCINO COAST DISTRICT HOSPITAL, et al.,<br><br>        Defendants. | Case No. 17-cv-05554-JST (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 68 |

Before the Court is Plaintiff Ellen Hardin's motion to quash a dozen subpoenas served by Defendants Mendocino Coast District Hospital, et al. ECF No. 68. Hardin filed the motion in violation of the Court's Standing Order on Discovery, which states that "[i]f the parties are unable to resolve their dispute informally after a good faith effort, including meet and confer efforts conducted by lead counsel, the parties have two options," which are to contact the Court to arrange for a telephonic conference or prepare a joint statement of not more than five pages. Hardin did neither.

Defendants represent that they have withdrawn without prejudice seven of the twelve subpoenas, so there is no active dispute to resolve as to those. Tektronix produced documents to Defendants, but Defendants destroyed them pursuant to Federal Rule of Civil Procedure 45(e)(2)(B), and Southern Coos Hospital & Health Center responded that it has no responsive documents, so there is also no live dispute as to those subpoenas.

Hardin's last two employers, Antelope Valley Hospital and Community Regional Medical Center, produced documents before the current motion was filed. However, that does not moot Hardin's arguments that those documents may contain privileged or confidential materials, and Rule 45(e)(2)(B) expressly addresses the situation where protected materials were produced in

response to a subpoena. The Court **ORDERS** Defendants to produce to Hardin the documents produced by Antelope Valley Hospital and Community Regional Medical Center within 30 days so that Hardin may assert any applicable objections under Rule 45(e)(2)(B). If Hardin has any such objections, the parties must meet and confer and raise any unresolved disputes pursuant to the Court's Standing Order.

As for the subpoena to Lower Umpqua Hospital, a prospective employer that chose not to employ Hardin, the subpoena appears significantly overbroad, but it also seems likely that Lower Umpqua would not have any responsive documents other than Hardin's job application and any internal documents discussing the reasons for not hiring her. The Court **ORDERS** the parties to meet and confer and within two weeks either to agree upon a revised subpoena to Lower Umpqua or raise the dispute over the scope of that subpoena pursuant to the Court's Standing Order. Pending resolution of the scope of this subpoena, the Court **STAYS** Lower Umpqua's obligation to comply. Defendants are **ORDERED** to serve to Lower Umpqua with this order immediately.

Hardin is **ADMONISHED** to comply with the Court's Standing Order on Discovery.

Hardin's request for sanctions is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 3, 2019

THOMAS S. HIXSON
United States Magistrate Judge