FLETCHER C. ALFORD  (SBN: 152314)
RYAN B. POLK  (SBN: 230769)
JESSICA A. LUKE  (SBN: 273047)
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 875-3115
Facsimile:  (415) 986-8054
falford@grsm.com
rpolk@grsm.com
jluke@grsm.com

Attorneys for Defendants
MENDOCINO COAST HEALTH CARE DISTRICT, a political subdivision of California, DBA MENDOCINO COAST DISTRICT HOSPITAL; BOB EDWARDS; STEVE LUND; and WADE STURGEON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELLEN HARDIN, | CASE NO.  17-cv-05554-JST |
| Plaintiff, | **DISCOVERY LETTER BRIEF RE DEFENDANTS' MOTION TO COMPEL CERTAIN DISCOVERY FROM PLAINTIFF** |
| vs. | |
| MENDOCINO COAST DISTRICT HOSPITAL, a governmental entity or agency, exact form unknown; BOB EDWARDS, an individual; STEVE LUND, an individual; WADE STURGEON, an individual; and DOES 1 through 50, Inclusive, | |
| Defendants. | |

   Before the submission of this Joint Discovery Letter, Defendants conferred by telephone on February 6, 2019 in good faith in an effort to avoid judicial intervention, but were unable to come to an agreement on the issues or the filing of a joint letter brief.  Defendants respectfully request guidance from the Court on the issues presented below.

Date:  February 22, 2019       By:     /s/ Ryan B. Polk_____
                                       Fletcher C. Alford
                                       Ryan B. Polk
                                       GORDON REES SCULLY
                                       MANSUKHANI, LLP
                                       Attorneys for Defendants

Defendants seek the Court's guidance regarding three areas of discovery they seek, to which Plaintiff is denying access: (1) a mental examination of Plaintiff by a qualified defense expert, (2) access to Plaintiff's mental health and/or psychiatric records for this examination, and (3) records from two entities – Community Regional Medical Center and Antelope Valley Hospital – who were Plaintiff's past two employers prior her employment at Defendant MCDH.

### A.     Defendants' Position

#### 1.  Plaintiff's Medical Examination

Plaintiff's Second Amended Complaint ("SAC"), includes a claim for Intentional Infliction of Emotions Distress (COA 10).  It also avows that "Plaintiff has suffered *severe* emotional distress," and that the actions taken against her were "despicable in character and warrant the imposition of punitive damages." (emphasis added)  Plaintiff's Prayer for Relief includes claims for "hospital and psychological bills, including past, present and future bills," as well as general damages for "suffering [and] emotional distress."  Additionally, Plaintiff's initial disclosures allege that she has suffered serious mental health conditions, including depression, mental suffering, shock, and terror.  Plaintiff's SAC clearly has put her mental and emotional well-being at issue.

Per Federal Rule of Civil Procedure 35, the court may order a party "whose mental or physical condition … is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  "Granting a request for a psychiatric examination under Rule 35 is to preserve [] the equal footing of the parties to evaluate the plaintiff's mental state…." *Ragge v. MCA/Universal*, 165 F.R.D. 605, 608 (C.D. Cal. 1995).

Rule 35 is satisfied here because (1) Plaintiff's mental condition is "in controversy," and (2) "good cause" exists for the examination. *Ibid.*  As the Supreme Court long ago recognized, "there are situations where the pleadings alone are sufficient to meet these requirements.  A plaintiff in a negligence action who asserts mental or physical injury [citation omitted] places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964).  Courts have consistently required a plaintiff to "undergo a mental examination where, in addition to a claim of emotional distress, the case involved [] a claim for intentional or negligent infliction of emotional distress…" *Mitchell v. Rocha,* (Oct. 27, 2011 N.D. Cal.) 2011 U.S. Dist. LEXIS 124558, at *3.  Further, when a plaintiff hails a defendant into court, accusing that defendant of causing mental and emotional injuries, and the defendant denies those charges, "the existence and extent of [the plaintiff's] mental injuries are indubitably in dispute."  See *Vinson v. Superior Court*, 43 Cal. 3d 833, 839-840 (1987).

The existence and extent of Plaintiff's emotional and mental injuries is "indubitably in dispute" and good cause exists for the examination given the alleged severity of Plaintiff's emotional distress damages.  In this case, Plaintiff is not simply seeking recovery for garden variety emotional distress.  Rather, and as set forth in Plaintiff's initial disclosures, she seeks damages for 18 different categories of emotional distress: (1) depression; (2) mental suffering; (3) loss of enjoyment of life; (4) fright; (5) nervousness; (6) grief; (7) anxiety; (8) worry; (9) mortification; (10) shock; (11) humiliation; (12) indignity; (13) embarrassment; (14) apprehension; (15) terror; (16) ordeal; (17) inconvenience; and (18) anger.

### 2. Plaintiff's Mental Health and/or Psychiatric Records

In addition to a mental examination, Defendants also seek access to Plaintiff's mental health and psychiatric records. As outlined above, Plaintiff's mental health is at issue in this matter. As such, Defendants are entitled to discover any and all of Plaintiff's past mental health and psychiatric records.[1] The SAC makes clear the relief Plaintiff is seeking includes "psychological bills, including past, present and future bills." SAC at Prayer, ¶5 [ECF 50]. Despite this, Plaintiff has thus far not only failed to provide Defendants with access to her psychological records, she has failed to even identify any treating physicians and/or mental health specialist.

As with the mental examination, Defendants are entitled to discovery of Plaintiff's past mental health and psychological treatment records. As she is seeking damages related to 'past and present' psychological bills, such bills and related treatments must exist. SAC at Prayer, ¶5 [ECF 50]. Defendants are entitled to the production of this information so they can test Plaintiff's alleged emotional distress damages, including whether any of these conditions were pre-existing and therefore not the cause of any emotional distress that Plaintiff attributes to Defendants' conduct.

### 3. Plaintiff's Past Employment Records

In addition to the above, Plaintiff has steadfastly refused to allow Defendants access to her employment files from the two entities which employed Plaintiff just prior to her working at Defendant MCDH -- Antelope Valley Hospital and Community Regional Medical Center.[2] Plaintiff maintains she has a 'privacy' interest in keeping those records from being obtained.[3]

To evaluate privacy objections, the Court must balance the party's need for the information against the individual's privacy right in his or her employment files. *Tierno v. Rite Aid Corp.,* 2008 U.S. Dist. LEXIS 58748 at *3 (N.D. Cal. Jul. 31, 2008) (internal citations omitted). But where a litigant has initiated a lawsuit, her privacy interest is vastly reduced. *Sirota v. Penske Truck Leasing Corp.,* 2006 U.S. Dist. LEXIS 15763 at *2 (permitting personnel record subpoenas addressed to the plaintiff's former employers). California, therefore, recognizes only a limited privacy right in employment records. *See Board of Trustees v. Superior Court,* 119 Cal. App. 3d 516, 526-27, 174 Cal. Rptr. 160 (Cal. App. 1981) (*overruled in part* by *Williams v. Superior Court*, 3 Cal. 5th 531 (2017).)

Plaintiff fails to establish a legitimate basis to prevent Defendants from using the records they obtained from these former employers. The records are directly relevant to establishing (1) establishing legitimate, nondiscriminatory and non-retaliatory explanations for Defendants' alleged adverse employment actions; (2) Plaintiff's credibility and impeachment; and (3) most

---

[1] Defendants seek the release of all relevant mental health records dating back to January 1, 2007.

[2] It is worth noting that Plaintiff has also refused to answer any questions regarding her departure from these past employers. Plaintiff's counsel has inquired into similar past employers for Defendants Wade and Sturgeon, both of whom have answered such questions.

[3] Defendants previously subpoenaed and obtained Plaintiff's employment records for both entities. However, the parties were ordered to meet and confer regarding whether there were any documents contained therein to which Plaintiff (belatedly) objected to. [ECF 80.] Plaintiff maintains that all such records should be destroyed and not available for this litigation. These past employment records, however, are directly relevant to this litigation.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

importantly, issues concerning Plaintiff's mental health, including pre-existing conditions. *Defendants have reason to believe these records will show that plaintiff has a history of serious and incapacitating mental and emotional illness that has prevented her from working or even attending to everyday affairs, which would be crucial to the defense because it would show an alternative cause for her alleged emotional distress and would also impact her future earning capacity.* Subject to the Court's approval, Defendants ask that these records be reviewed *in camera* by the Court. *See* FRCP 45(e)(2)(B).

All told, these records are directly relevant to this case and should be subject to production in order for Defendants to meaningfully defend themselves in this action. Plaintiff, for example, received warnings due to her lacking job performance, not any alleged discrimination or retaliation. And Plaintiff's prior employment records reflecting her past performance could directly support Defendants' defense in this regard. Additionally, these employment records may be used for impeachment purposes to test the plaintiff's credibility. Finally, the Antelope Valley Hospital records in particular bear directly on Plaintiff's mental state and any pre-existing conditions. As such, Defendants are entitled to these records.

### 4.     Defendants' Meet and Confer Efforts

On February 6, 2019, Counsel for Defendants, Ryan Polk, met and conferred with Plaintiff's counsel, Twila White, to discuss these issues. After an agreement could not be reached, the parties both agreed to file a joint letter brief on the issue per the Court's Discovery Order. On February 11, 2019, Defendants sent their proposed portion of the letter brief, which totaled approximately 2.5 pages. On February 15, 2019, Plaintiff's counsel sent her proposed section, which totaled 9.5 pages – well in excess of the combined 5 pages under the Discovery Order. That same day, Defendants explained that they would not file the joint letter brief, as it violated the Court's Discovery Order. After much back and forth, Plaintiff's counsel submitted a pared down section on February 20, 2019, but it still exceeded the 5-page limit. Defendants then decided to lightly edit its own portion of the brief so that the Court's 5-page limitation was met. It then emailed the revised brief to Plaintiff's counsel for review later that same afternoon. In response, Plaintiff's counsel indicated that she needed "until tomorrow" (i.e., February 21) to review. But as of the date below, and despite Defendants sending two follow-up emails to Plaintiff's counsel seeking approval to file the revised joint letter brief, Defendants have received no response from her. Given the upcoming April mediation deadline and what appears to be a delay tactic by Plaintiff's counsel, Defendants can wait no longer to have these very important issues decided and reluctantly submit this brief with its section only.

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1150789/43572754v.1