UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN HARDIN,<br><br>        Plaintiff,<br><br>    v.<br><br>MENDOCINO COAST DISTRICT HOSPITAL, et al.,<br><br>        Defendants. | Case No. 17-cv-05554-JST (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 108, 109, 112 |

The parties have filed a series of discovery letter briefs concerning (1) whether defense counsel may instruct witnesses not to answer based on the Brown Act, (2) whether the Court should order Plaintiff Ellen Hardin to be deposed for an additional day, (3) whether the Court should order Hardin to answer questions about her departures from prior employers, and (4) whether the Court should appoint a special master pursuant to Federal Rule of Civil Procedure 53 to act as a discovery referee for depositions in this case. ECF Nos. 108, 109, 112. This order resolves the first and third questions. A separate order addresses the second and fourth ones.

**A.     Brown Act**

Plaintiff's letter brief argues that Defendants improperly refused to answer questions during depositions, refused to produce documents, and refused to answer interrogatories based on the Brown Act. ECF No. 109. Plaintiff's letter brief attached deposition testimony but did not attach the written discovery at issue. Accordingly, the Court ordered "Plaintiff to submit the referenced requests for production and interrogatories, and Defendants' responses, by April 17, 2019." ECF No. 111. Plaintiff did not do so. The Court therefore has no ability to know what documents or information Plaintiff requested and is unable to determine whether Defendants' objections were proper or improper. For example, even if the Brown Act were not a proper basis

for an objection, a particular discovery request might have been objectionable for some other reason. Accordingly, the Court declines at this time to rule on the written discovery.

The Court turns, then, to testimony. The Brown Act provides that "[a] person may not disclose confidential information that has been acquired by being present in a closed session authorized" by the Act "to a person not entitled to receive it, unless the legislative body authorizes disclosure of that confidential information." Cal. Gov. Code § 54963(a). "Violation of this section may be addressed by the use of such remedies as are currently available by law, including, but not limited to" injunctive relief, disciplinary action, or referral to a grand jury. *Id.* § 54963(c). Defendants' counsel has been instructing his witnesses not to testify about matters discussed in closed session, citing the Brown Act. Federal Rule of Civil Procedure 30(c)(2) provides that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." There is no Court-ordered limitation concerning testimony in closed session, and Defendants have not presented a motion under Rule 30(d)(3). So, the only way this instruction not to answer could be proper is if the Brown Act creates a "privilege."

In general, the federal law of privilege applies to federal claims, and the state law of privilege applies to state claims. Fed. R. Evid. 501. "'In cases involving both state and federal claims, a literal reading of [Federal Rule of Evidence] 501 appears to require application of the federal common law of privileges with respect to the federal claims and the state law of privileges with respect to the state claims. However, when the evidence in question is relevant to *both* the state and federal claims,'" as is the situation here, "'the approach has been rejected on the grounds that it would be meaningless to hold the same communication privileged for one set of claims but not for the other.'" *Fitzgerald v. Cassil*, 216 F.R.D. 632, 635 (N.D. Cal. 2003) (quoting 6–26 Moore's Fed. Practice—Civil § 26.47[4]). "In such cases, the federal law of privilege applies to both the state and federal claims." *Id.*; *see also Perrignon v. Bergen Brunswig Corp.*, 77 F.R.D. 455, 459 (N.D. Cal. 1978) (same).

"The Brown Act is not a privilege recognized under federal law." *North Pacifica, LLC v. City of Pacific*, 274 F. Supp. 2d 1118, 1126 (N.D. Cal. 2003) (citing *Kaufman v. Bd. of Trustees*,

2

168 F.R.D. 278, 280 (C.D. Cal. 1996)). Indeed, "[a]part from not being a privilege recognized under federal law, the Brown Act does not establish an evidentiary privilege at all; rather, it merely permits the withholding of certain information from the public generally. By analogy, it is, thus, not unlike the Freedom of Information Act," *Kaufman*, 168 F.R.D. at 280. "Even more to the point, [Cal. Gov. Code] Section 54957 permits closed sessions to protect the employee from public disclosure of embarrassing information; it is not to protect the governmental entity. Since plaintiff is the employee, and he is the party seeking the information, there would be no purpose in applying the Brown Act as an evidentiary privilege, even if it were applicable." *Id*. Defendants cite no authority to the contrary.

Accordingly, the Court **OVERRULES** Defendants' objections to deposition questions based on the Brown Act and **ORDERS** Defendants' counsel not to instruct witnesses not to answer based on the Brown Act.

**B.  Testimony About Departures from Prior Employers**

The Court's discovery order concerning Plaintiff's employment records from her previous employers was about documents, ECF No. 106, whereas this dispute is about testimony. But the substantive analysis is no different. "Rule 26's proportionality requirement is inconsistent with venturing into Hardin's performance at prior jobs, whose relevance is too attenuated to justify the broad discovery Defendants seek." *Id*. at 9. Accordingly, the Court **DENIES** Defendants' request to order Plaintiff to testify about her departures from prior employers.

**IT IS SO ORDERED.**

Dated: April 25, 2019

_____
THOMAS S. HIXSON
United States Magistrate Judge