UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN HARDIN, <br>       Plaintiff, <br> v. <br> MENDOCINO COAST DISTRICT HOSPITAL, et al., <br>       Defendants. | Case No. 17-cv-05554-JST (TSH) <br><br> **DISCOVERY ORDER** |

The Court previously held that the Brown Act is not a privilege recognized under federal law and overruled Defendants' objections to deposition questions based on that statute. ECF No. 119. At the time, the Court declined to rule on Defendants' written discovery responses because the Court did not have them before it. Plaintiff Ellen Hardin has now provided those, ECF No. 120, and the Court has been able to review them.

Defendant Mendocino Coast District Hospital's objections to Hardin's request for production, inspection and copying of documents, set one (ECF No. 120, Ex. A) and the amended responses (ECF No. 120, Ex. D) assert the Brown Act as a basis for not producing documents in response to numerous requests. That objection is **OVERRULED**. The Court **ORDERS** MCDH to produce documents that were withheld based on the Brown Act. Given the July 5, 2019 close of fact discovery, this document production shall occur within 14 days. Please note that this order overrules this one, specific objection in all of the RFP responses, but it does not overrule any others, as Hardin's letter brief raised only this issue as to the RFP responses. *See* ECF No. 108.

Defendants Bob Edwards, Steve Lund and Wade Sturgeon's responses to Hardin's form interrogatories – general, set one (ECF No. 120, Ex. A) assert the Brown Act as an objection to several of the interrogatories. But they do that only after the response to interrogatory No. 3.5,

when they stop responding to the interrogatories altogether, asserting that Hardin has propounded more than 25 on each of these Defendants in violation of Federal Rule of Civil Procedure 33. Since Hardin has not challenged the Rule 33 objection, there is no point ordering them to amend their interrogatory responses because just removing the Brown Act objection won't change their answers – which, starting with interrogatory No. 3.6, are that they won't answer.

The situation is different with respect to MCDH's response to Hardin's form interrogatories – employment law, set one (ECF No. 120, Ex. A), however, because MCDH amended them and dropped the Rule 33 objection. ECF No. 120, Ex. D. Accordingly, the Court **ORDERS** MCDH to further amend its responses to these interrogatories to remove the Brown Act objection and include responsive information, if any, that was previously withheld based on the Brown Act. The amended responses must be served within 30 days.

**IT IS SO ORDERED.**

Dated: May 20, 2019

THOMAS S. HIXSON
United States Magistrate Judge