|  |  |
|---|---|
| ELLEN HARDIN,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>MENDOCINO COAST DISTRICT HOSPITAL, et al.,<br>　　　　　Defendants. | Case No. 17-cv-05554-JST (TSH)<br><br>**ORDER DENYING MOTION TO QUASH**<br><br>Re: Dkt. No. 193 |
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Plaintiff Ellen Hardin has filed a motion to quash Defendant Mendocino Coast District Hospital's deposition subpoenas to Jill Pfatenhauer, Julie Adair, and John Sullivan and to strike Defendants' August 14, 2019 second supplemental initial disclosures, which added Pfatenhauer and Adair to the list of Defendants' witnesses. ECF No. 193. These witnesses worked with Hardin at her last two employers before she worked at MCDH – Antelope Valley Hospital and Community Regional Medical Center. ECF No. 196-1, ¶¶ 2, 3. Hardin argues that the witnesses' testimony is likely to be irrelevant and invasive of her privacy. She analogizes these deposition subpoenas to the document subpoenas the Court rejected at ECF No. 106.

The Court construes this as both a motion for a protective order under Federal Rule of Civil Procedure 26(c) and a motion to quash under Rule 45. To obtain a protective order, a party must show "good cause." Fed. R. Civ. Proc. 26(c)(1). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (citations and quotation marks omitted). The Court may consider numerous factors in deciding whether good cause has been shown, such as whether the information is being sought for a legitimate purpose, whether disclosure will violate a privacy interest, whether disclosure will cause a party embarrassment, and so on. *See* Rutter Guide, Federal Civil Procedure Before Trial, Cal.. & 9th Cir. Edition, §

11:1072. Under Rule 45, the Court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies . . ." "Some courts find that a party has standing to move to quash a subpoena seeking testimony or documents from a nonparty on the ground that it calls for irrelevant or privileged information." *Id.*, § 11:2286.

A major problem with Hardin's motion is that until a deposition happens, the Court does not know what questions will be asked or what the witness's answers will be. Courts typically block depositions in advance only when it is obvious that there is a problem, such as an attempt to depose opposing counsel or to take depositions in a case that will be decided based on the administrative record – situations where you don't need to know what questions will be asked or what the answers will be to know that the deposition simply cannot proceed.

This isn't that type of situation. Just because Pfatenhauer, Adair and Sullivan worked for Hardin's prior employers doesn't mean they categorically have nothing relevant to say or that everything they might say would be invasive of Hardin's privacy. MCDH says it wants to take these depositions to get a fuller picture of Hardin's work history to evaluate her damages claim for, among other things, lost future earnings. MCDH also argues that these former co-workers may be able to give testimony relevant to Hardin's reputation in the small healthcare community in which Hardin alleges MCDH defamed her. The hospital also argues that Hardin's own testimony about why she left these two prior employers was vague and evasive (that is not an unfair characterization of her testimony, *see* ECF No. 196-2), and it believes these witnesses may have more information. These are relevant topics for examination, and it seems logical that Hardin's former colleagues could have knowledge about these matters.

As for exactly what information the witnesses are likely to provide in their testimony, that is difficult to say in advance of the deposition. The Court has essentially no information concerning these witnesses' roles at the prior employers. During the telephonic hearing at which this motion to quash was first discussed, it sounded like Hardin's counsel also didn't know much about these witnesses.

Hardin's motion accordingly rests on "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," and does "not satisfy the Rule 26(c) test." *Foltz*, 331

F.3d at 1130 (citations and quotation marks omitted). The Court also cannot say with any certainty that the subpoenas "require[] disclosure of privileged or other protected matter" under Rule 45. If during the depositions, the questioning attorney veers into irrelevant information that is inappropriately invasive of Hardin's privacy, Hardin may move to terminate or limit the deposition under Rule 30(d)(3). *See* ECF No. 118 (order enforcing Rule 30). To head off an issue that seems likely to arise, questions about any performance problems Hardin may have had at her prior employment and the reasons why she left those jobs are relevant and appropriate.

Finally, the Court is unpersuaded that its order concerning prior employment records, *see* ECF No. 106, is analogous to this situation. In ruling on the document subpoenas, the Court had the subpoenas before it and could see what they were asking for and what time period the requests covered. The Court could therefore see that documents implicating Hardin's privacy were at issue and that the subpoenas covered 16 years, which seemed disproportional to the needs of this case. By contrast, the Court does not know the full scope of what MCDH may ask these witnesses – although the general topics MCDH plans to ask about seem relevant – and certainly the Court does not know what knowledge the witnesses have. Because these aren't Rule 30(b)(6) depositions where a witness may be obligated to know lots of things he or she wouldn't have personally known, it strikes the Court as unlikely that these three witnesses could even come close to having the breadth of personal information that the previous document subpoenas requested.[1]

There is also no basis to strike Defendants' supplemental initial disclosures.

Hardin's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 21, 2019

THOMAS S. HIXSON
United States Magistrate Judge

---

[1] Further, the Court is currently evaluating whether newly developed evidence warrants reconsideration of the Court's prior ruling concerning the document subpoenas, *see* ECF No. 172 (granting leave to move for reconsideration).

3