UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN HARDIN,<br><br>    Plaintiff,<br><br>v.<br><br>MENDOCINO COAST DISTRICT HOSPITAL, et al.,<br><br>    Defendants. | Case No. 17-cv-05554-JST (TSH)<br><br>**ORDER DENYING MOTION TO QUASH WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 168 |

Plaintiff Ellen Hardin has filed a motion to quash Defendants' document subpoena to St. Charles Health System. ECF No. 168. The Court finds the matter suitable for decision without oral argument and accordingly **VACATES** the September 5, 2019 hearing.

Hardin did not comply with the undersigned's Discovery Standing Order. It provides that "counsel for each party shall meet and confer in person, or, if counsel are located outside the Bay Area, by telephone, to attempt to resolve their dispute informally. A mere exchange of letters, e-mails, telephone calls or facsimile transmissions does not satisfy the meet and confer requirement." It further provides that "[i]f the parties are unable to resolve their dispute informally after a good faith effort, including meet and confer efforts conducted by lead counsel, the parties have two options." The first option is "[i]f the dispute is straightforward, or the parties believe some initial informal guidance from the Court may help the parties resolve their dispute without the need for briefing, the parties may contact Judge Hixson's Courtroom Deputy, Rose Maher, to arrange a telephonic conference with Judge Hixson." The second option is that "[f]or more complex disputes, the parties shall prepare a joint statement of not more than five pages . . ." The cover page of the joint letter must contain "an attestation that the parties met and conferred in person (or by telephone if outside the Bay Area) in good faith to resolve their dispute(s) prior to

filing the letter . . ."

Here, both the motion and the opposition state that Hardin's meet and confer effort consisted of sending a letter to the Defendants. ECF No. 168 (White Decl., Ex. B); ECF No. 175. There was no conversation between counsel before this motion was filed, as required by the Discovery Standing Order. In addition, Hardin's 11 page motion to quash is not a five page joint discovery letter.

These rules serve a purpose. Hardin's lead argument is that the subpoena is overbroad. That type of objection can often be resolved informally. In particular with a subpoena, there are usually two sets of communications that whittle down the scope of production. First, there is the communication between the subpoenaing party and the subpoenaed non-party. Sometimes a party will ask for everything in a subpoena because it's not sure what the non-party actually has and the party wants to cover its bases. Often the non-party, which does know what it has, will then negotiate with the subpoenaing party about the scope of the subpoena. Second, there is the communication between the subpoenaing party and its opponent in the lawsuit. The opponent may have its own concerns about the breadth of the subpoena if it has a relationship with the non-party. Both sets of communications can result in the scope of the subpoena being narrowed to reduce the burden on the non-party and to protect the interests of the opposing party while also accommodating the legitimate needs of the subpoenaing party. Stated another way, when there is appropriate meeting and conferring, it is unusual for the agreed scope of production to mirror exactly what was asked for in the subpoena.

That's why firing off a meet and confer letter, not talking with the other side, and then running into court with a motion to quash isn't productive. An actual conversation with opposing counsel is likely to yield some benefit. If nothing else, the opposing party may learn that the subpoenaing party has already agreed to limit the scope of the subpoena in response to objections from the non-party. Here, none of this communication took place.

Also, the reason for requiring a joint five page discovery letter brief is to enable faster decisions. In a joint letter brief, the Court receives both sides' arguments at once instead of having to wait two weeks for the opposition and then another week for the reply. And once the required

meeting and conferring has taken place, five pages is usually enough to set forth the dispute.

Hardin's motion to quash is **DENIED** without prejudice for failure to comply with the undersigned's Discovery Standing Order.

**IT IS SO ORDERED.**

Dated: August 23, 2019

THOMAS S. HIXSON
United States Magistrate Judge