UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ELLEN HARDIN,<br><br>    Plaintiff,<br><br>v.<br><br>MENDOCINO COAST DISTRICT HOSPITAL, et al.,<br><br>    Defendants. | Case No. 17-cv-05554-JST (TSH)<br><br>**DISCOVERY ORDER** |

The Court had a telephonic hearing concerning the scheduling of Jill Pfatenhauer, Julie Adair and John Sullivan's depositions. These are the witnesses whose depositions Plaintiff Ellen Hardin moved to quash. ECF No. 193. The undersigned denied the motion, ECF No. 197, and Hardin's motion for relief is now pending before Judge Tigar. ECF No. 205. Meanwhile, the parties are unable to agree on dates for these depositions. Hardin's counsel will be in Las Vegas for a work-related convention August 28-30, which conflicts with the only dates before the close of fact discovery that Sullivan and Adair are available.

The Court explained that the parties have two options. One is to file a stipulation and proposed order before Judge Tigar requesting that these depositions be allowed to take place after the close of fact discovery. That would require the parties to cooperate with each other.

The other option is to fight it out under Federal Rule of Civil Procedure 32. Rule 32(a)(5)(A) provides that "[a] deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time or place – and this motion was still pending when the deposition was taken." If Defendants served deposition notices now

for dates before the close of fact discovery, that would be less than 14 days' notice.

It's up to the parties what they want to do.

**IT IS SO ORDERED.**

Dated: August 23, 2019

THOMAS S. HIXSON
United States Magistrate Judge