UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN HARDIN,<br><br>        Plaintiff,<br><br>    v.<br><br>MENDOCINO COAST DISTRICT HOSPITAL, et al.,<br><br>        Defendants. | Case No. 17-cv-05554-JST (TSH)<br><br>**ORDER DENYING MOTION FOR ADDITIONAL DEPOSITIONS**<br><br>Re: Dkt. No. 187 |

On August 14, 2019, Plaintiff Ellen Hardin filed a motion under Federal Rule of Civil Procedure 30(a)(2)(A)(i) for leave to take a total of 17 non-expert depositions, and she noticed it for hearing on September 5, 2019. ECF No. 187. In her motion, Hardin argues that these depositions are necessary to allow her a fair and adequate opportunity to develop and prepare this complex case. She also argues that the requested additional discovery is not unreasonably cumulative or duplicative and that it is proportional under Rule 26. Defendants oppose the motion. ECF Nos. 219, 220. They observe that Hardin's noticed hearing date violates Civil Local Rule 7-2(a) because it is less than 35 days after the filing of the motion. Substantively, they argue that Hardin has not made the requisite showing under Rule 30 for additional depositions, that two of the proposed additional deponents are MCDH's outside counsel and should not be deposed for that reason as well, and that the remaining proposed deponents have merely cumulative or duplicative information.

The Court deems this motion suitable for decision without oral argument. The Court denies Hardin's motion, without reaching the merits, because it conflicts with the fact discovery cutoff, which is today. *See* ECF No. 159 (resetting fact discovery cutoff to August 30, 2019); *see also* ECF Nos. 202, 221 (denying Hardin's motions to extend the fact discovery cutoff). Whether

or not Hardin's motion would have had merit had it been brought at an earlier stage in this case, the relief she requests – permission to take additional depositions beyond the default limit of ten in Rule 30 – cannot be granted now because fact discovery is over and additional depositions may not be noticed or taken.[1]

To be clear, if Hardin had obtained permission earlier in the case for these additional depositions, and if the Defendants had wrongfully refused to make the witnesses available, the fact discovery cutoff would not have precluded this Court from ordering those depositions to take place. Under Civil Local Rule 37-3, the last day to move to compel is seven days after the close of fact discovery, and one result that may come from a motion to compel is an order compelling additional discovery. But here, Hardin is not moving to compel a response to discovery she was previously entitled to take. She is asking in the first instance to be given permission to take more than ten depositions. And she filed the motion asking for this relief 16 days before the close of fact discovery and noticed the hearing for five days after the close of fact discovery. This motion is simply untimely.

Hardin's motion is **DENIED**.[2]

**IT IS SO ORDERED.**

Dated: August 30, 2019

THOMAS S. HIXSON
United States Magistrate Judge

---

[1] There is an exception for three depositions as stated in ECF No. 222, which the parties stipulated and the Court ordered could be taken after the close of fact discovery.

[2] For the same reason, Hardin's discovery letter No. 3 is also **DENIED**. *See* ECF No. 211 at 4 ("The Court tables consideration of discovery letter No. 3 pending Judge Tigar's ruling on Hardin's motion to extend the case schedule."); ECF No. 221 (Judge Tigar's order denying Hardin's motion to extend the case schedule).

2