United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELLEN HARDIN,

    Plaintiff,

v.

MENDOCINO COAST DISTRICT HOSPITAL, et al.,

    Defendants.

Case No. 17-cv-05554-JST (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 251

    The parties have filed two joint discovery letter briefs at ECF No. 251. The Court addresses them in this order.

**A.    First Letter Brief**

    **1.    Personnel and Board Files**

    In ECF No. 211, the Court ordered Defendants to produce certain documents from Bob Edwards, Steve Lund and Wade Sturgeon's personnel or board files. Defendants state that there is nothing responsive in Lund or Edwards' files and that they will produce responsive documents from Sturgeon's file today. Plaintiff Ellen Hardin "requests a declaration from Defendants stating that no personnel/board files concerning complaints of harassment or retaliation based on age and/or gender by Lund exist. This could be done in the form of a verified supplemental discovery response."

    Certain responses to discovery must be under oath. For example, interrogatory responses, "to the extent . . . not objected to" must be answered "in writing under oath." Fed. R. Civ. Proc. 33(b)(3). Likewise, depositions must begin with an on-the-record statement that includes "the officer's administration of the oath or affirmation to the deponent . . ." Fed. R. Civ. Proc. 30(b)(5)(A)(iv). By contrast, Rule 34 does not require verified responses to requests for production. Assuming for the sake of argument that the Court could order verified responses anyway, Hardin does not present a reason why it should do so. There is no showing, for example, that Defendants have in the past denied the existence of documents that do in fact exist, and the

Court is unwilling to presume bad faith.

### 2. ESI

Rule 26 makes clear that the scope of ESI production should be addressed at the beginning of discovery. The rule states that the parties must meet and confer "at least 21 days before a scheduling conference is to be held . . ." Fed. R. Civ. Proc. 26(f)(1). "In conferring, the parties must . . . develop a proposed discovery plan," *id*. (f)(2), which "must state the parties' views and proposals on . . . any issues about disclosure, discovery, or preservation of electronically stored information," *id*. (f)(3)(C). Early on in this case, the parties each requested that the other preserve all relevant emails and other electronically stored data. *See* ECF No. 57, page 8; ECF No. 73, page 8. The Court does not see anything more specific than this in the record in terms of the treatment of ESI under a discovery plan.

In the letter brief, Hardin argues that Defendants have stonewalled her right to discovery. She says Defendants have not shown that the ESI discovery she seeks is not reasonably accessible or that it would cost an undue burden. She contends that their discovery responses are devoid of identification of any sources of responsive ESI. Defendants respond that Hardin raised these ESI issues after approximately two years of litigation in a request that the Court denied because "it is evident that the parties have not meaningfully met and conferred on this issue." ECF No. 211, n.1. Defendants also assert that they made a detailed ESI proposal on August 5, 2019, proposing search terms and custodians, and that Hardin did not respond. They assert that during the parties' meet and confer on September 5, 2019 (the day before the current letter brief was filed), they again asked Hardin's counsel what custodians and search terms she proposed or if she agreed to their proposal, and that she neither had a proposal nor agreed to theirs. Hardin does not directly respond to Defendants' arguments.

Hardin's request has some significant problems. The first is that an ESI protocol has to be specific or it doesn't mean anything. It should specify custodians. If the protocol is going to be based on search terms, it should have proposed search terms. Of course, the workability of proposed search terms is often itself a subject of negotiation. Usually one side will propose search terms, and then the other side will run them to see if they generate too many hits, in which case the

2

proposed search terms may have to be modified. For example, in this case where age discrimination is alleged, perhaps Hardin would suggest "old" as a search term, and then when Defendants run it, they might find that nearly every reference relates to hospital equipment that needs to be replaced, so it turns out not to be a useful search term. There are also non-search term ways to do ESI production, such as Technology Assisted Review (or "TAR," formerly known as predictive coding). TAR is also iterative and requires the parties to work together to get documents produced.

In the letter brief, Hardin does not put forth any particular ESI proposal. She does not have a proposed list of custodians or any proposed search terms. The Court cannot say "Hardin's motion is granted" because no one would know what that means. So, this request for ESI seems to fail at the outset because it is not specific enough to constitute a request.

But another issue here is timing. As recounted above, Rule 26 requires the parties to meet and confer about ESI at the beginning of discovery. This is important because ESI proposals often are iterative. As noted, proposed search terms often must be tested and refined. Custodians are usually negotiated – both who they are and how many. One big issue in negotiating ESI is the requesting parties' desire for flexibility (for example, they don't want to identify all the custodians at the beginning because they may learn about more relevant custodians through depositions) contrasted with the responding parties' desire for certainty and limiting costs (at some point you have to be done, even if that means not every relevant document got produced). This is all the more reason why it's important to comply with Rule 26's requirement to start meeting and conferring about ESI at the outset of discovery.

What's happening here is that Hardin wants to develop an ESI protocol in the first instance after the close of fact discovery, which ended on August 30, 2019. Perhaps even that is going too far, given that she does not actually propose an ESI protocol. She wants *somebody* to come up with an ESI protocol. But even leaving aside Hardin's unwillingness to participate in the creation of such a protocol, this is happening too late. It's too late to start a negotiation over how many custodians' emails will be searched. It's too late to propose search terms to the Defendants and ask them to see how many hits each one generates. Fact discovery is over, and it is too late to

*begin* formulating an ESI protocol.

The deadline to move to compel additional discovery is seven days after the close of fact discovery, *see* Civ. L.R. 37-3, and Hardin filed this letter brief on the seventh day. But it's still untimely. She is not moving to compel the production of some discrete set of documents. She is asking the Court to assemble an entire ESI protocol. This isn't as simple as just telling the Defendants to "produce your ESI." An ESI production needs parameters, which have to be meaningfully developed through cooperation between the parties. There is no indication that Hardin attempted to do that. Meeting and conferring about an ESI protocol requires more than just demanding that your opponents produce their ESI. It means making specific proposals regarding custodians and search mechanisms. And, per Rule 26, Hardin was supposed to have started doing this at the beginning of fact discovery, not seven days after it is over.

From the record before the Court, it appears that Hardin never meaningfully met and conferred about an ESI protocol. She certainly did not do so in a way that would have allowed ESI document production to take place during fact discovery. Even on the last day to move to compel, she did not propose any specific ESI protocol she would like Defendants to follow. And commencing the creation of an ESI protocol at this point would be flatly inconsistent with the fact discovery cutoff. Hardin's motion is **DENIED**.

### 3. MCDH's Excess Insurance Policy

MCDH states that it has produced all applicable insurance policies and that it does not have any excess or umbrella policies. Hardin provides no reason to doubt that representation. Accordingly, Hardin's motion is **DENIED**.

### 4. Privilege Log

With respect to the privacy redactions, the Court can't tell if Defendants' privilege log is adequate or not because Hardin has not put the redacted documents in front of the Court – a problem with Hardin's argument that the Court explained last time. *See* ECF No. 211 at 5 ("Defendants say that about 90% of the items on their log are actually privacy redactions for things like Social Security numbers or an individual's name, and since all they did was redact that particular bit of information (as opposed to withholding the document as a whole), they say the

document itself enables the reader to see the basis for the redaction.") & *id*. at 6 ("The proper way to challenge a redaction is to put the document before the Court (or, if there are many redacted documents, a sample of them), along with the other side's redaction log, and then argue why the redaction is improper. Here, by contrast, Hardin for the most part does not put the documents before the Court . . .").

However, the Court can tell simply from looking at the face of Defendants' privilege log that every single entry concerning the attorney-client privilege is inadequate. None of them "describe[s] the nature of the documents, communications, or tangible things . . . in a manner that . . . will enable other parties to assess the claim" of privilege. Fed. R. Civ. Proc. 26(b)(5)(A)(ii). A claim of attorney-client privilege must identify the sender and recipients of the document, including which ones are attorneys and for non-attorneys what their affiliation is (to determine waiver), as well as provide a general description of the subject matter of the document. The Court **ORDERS** Defendants to produce an adequate privilege log for their assertions of attorney-client privilege within seven days.

## B.     Second Letter Brief

Hardin seeks to depose David Reis, John Ruprecht, Linnea Orsi, Rhonda Wilson, WIPLI, Judy Hoagland and D'Anne Gleicher. For the most part, the Court already denied this motion in ECF No. 224. The Court rejected Hardin's motion for leave to take more than ten depositions because she brought the motion so late that the depositions could not take place during fact discovery. However, there was an important caveat to the Court's order: "To be clear, if Hardin had obtained permission earlier in the case for these additional depositions, and if the Defendants had wrongfully refused to make the witnesses available, the fact discovery cutoff would not have precluded this Court from ordering those depositions to take place." *Id*. at 2. "Under Civil Local Rule 37-3, the last day to move to compel is seven days after the close of fact discovery, and one result that may come from a motion to compel is an order compelling additional discovery." *Id*. "But here, Hardin is not moving to compel a response to discovery she was previously entitled to take. She is asking in the first instance to be given permission to take more than ten depositions." *Id*.

That caveat is important because of D'Anne Gleicher, the attorney MCDH hired to investigate Hardin's and Cindy Richards' harassment complaints. Hardin *did* depose Gleicher during fact discovery, *see* ECF No. 211 at 3 n.2, so her timely motion to compel a follow-up deposition is *not* asking for new discovery in the first instance.[1] Hardin held Gleicher's deposition open because MCDH had not produced the complete Gleicher report or the exhibits to the report. Hardin subsequently moved to compel the production of an unredacted version of Gleicher's report and the exhibits to the report, and she mostly won that motion. ECF No. 245. The following day, she filed the current letter brief, explaining that "Plaintiff was required to take the deposition of Gleicher without the benefit of complete documents. The Gleicher report is necessary, and Gleicher's deposition could not be completed without a complete report."

The Court is persuaded that another deposition of Gleicher is warranted. She is a key witness in the case because MCDH hired her to investigate Hardin's claim as well as a factually intertwined claim by Richards. Hardin did all she could in discovery. She deposed Gleicher about the redacted portion of her report that MCDH produced. She held that deposition open on the record, putting Defendants on notice that it was not over. Hardin then moved to compel the rest of the report and the exhibits, and after winning that and still within the deadline to move to compel under Local Rule 37-3, filed this letter brief seeking a continued deposition. The Court **GRANTS** Hardin's motion to depose Gleicher again. The Court **DENIES** Hardin's motion to depose the other witnesses as an improper motion for reconsideration of ECF No. 224.

**IT IS SO ORDERED.**

Dated: September 9, 2019

THOMAS S. HIXSON
United States Magistrate Judge

---

[1] Defendants are correct that Hardin's prior request to depose additional fact witnesses – which the Court denied, *see* ECF No. 224 – included Gleicher. *See* ECF Nos. 185, 187. However, before the Court denied that request, it noted that Hardin had managed to depose Gleicher, so that witness was no longer part of that request. *See* ECF No. 211 at n.2. Accordingly, Hardin's current request to depose Gleicher again in light of the full production of her report and most of the exhibits is not a motion for reconsideration because Gleicher had been removed from the scope of the prior request before the Court issued its denial.

6