UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN HARDIN,<br><br>    Plaintiff,<br><br>v.<br><br>MENDOCINO COAST DISTRICT HOSPITAL, et al.,<br><br>    Defendants. | Case No. 17-cv-05554-JST (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 234, 253 |

The issue the Court addresses in this order is Defendant MCDH's redactions to Exhibits 4 and 5 in ECF No. 234-1. These documents are Plaintiff Ellen Hardin's (Exhibit 4) and Defendant Wade Sturgeon's (Exhibit 5) leader performance check-ins. In case it's unclear from the Court's order at ECF No. 241, Deposition Exhibits 354 and 355 are subsets of Exhibit 4, so the Court won't discuss them separately.

**A.    Hardin's Leader Performance Check-Ins**

Hardin wrote these documents herself, so as MCDH acknowledges, "the privacy expectation with respect to these documents is reduced" because "she is presumably already familiar with their contents." ECF No. 253 at 3. As for attorney-client privilege, even though Hardin wrote these documents and thus has (or had) knowledge of what they say, MCDH – not Hardin – owns the privilege because it was the client.

The attorney-client privilege redactions on MCDH00382 are legitimate.

The redaction on MCDH000383 is not acceptable. The redacted information is purely factual and does not reflect legal advice. MCDH states that it "contains information Plaintiff learned from an attorney-client communication," ECF No. 253 at 3. However, an attorney's act of conveying non-privileged information (e.g., "it's raining outside," or "the door handle to the

bathroom is broken") does not cause that information to become privileged. The privacy objection has no merit either because Hardin was already aware of this information; the information is three-and-a-half years old and thus stale; this information was never of the type that would warrant redaction based on privacy; and any possible concern about this information not being redacted is addressed by the protective order in this case. The Court **ORDERS** MCDH to produce this page without redactions.

The redactions on pages MCDH00387, 396, 398 and 400 are legitimate given the attorney-client privilege.

The redaction on page MCDH0000390 is improper. First, relevance is not a proper basis for redaction. Most relevant documents contain both relevant and irrelevant information. It's unusual for every sentence in a document to be relevant. Where a document has both relevant and irrelevant information, the litigant must produce the whole document, not just the relevant pieces of it. If the rule were otherwise, routine document productions in even the blandest cases would look like the CIA had edited them.

Second, the privacy objection is no good. This was information Hardin already knew – remember, she wrote this document – so redacting it in the version *given to her* in the lawsuit isn't logically related to protecting privacy. The Court understands that union negotiations can be a sensitive topic, but the information stated here is very general in nature and more than three years old. Further, MCDH has not explained why the protective order is inadequate to protect the confidentiality of this information. Unredacting a document doesn't mean Hardin can put it on the internet or give it to the union; it just means she gets the unredacted version. The Court **ORDERS** MCDH to produce MCDH000390 without redaction.

**B.      Sturgeon's Leader Performance Check-Ins**

Sturgeon also wrote his leader performance check-ins. But, of course, Hardin wouldn't have seen them. They contain his assessments concerning hospital administration issues, business priorities, and action items. For the most part, MCDH redacted everything in these check-ins except for the "barriers to your success" section. Because these documents are detailed descriptions of what exactly Sturgeon was working on, the privacy interests implicated are

somewhat high, tempered by the fact that the documents are work-related and do not contain personal information. In addition, with one exception, the material redacted for privacy-related reasons has no discernible relevance to the case. Accordingly, nearly all the privacy redactions are acceptable.

The one exception is the redaction of the seven words after "apparent" at the end of MCDH000279. It's not clear from this document what other "attempts" Sturgeon was referring to here, but the Gleicher report makes clear that it is not realistic to surgically separate (as the redaction does) the issues raised by Hardin from those raised by other individuals in the same time frame. Further, these same words were unredacted in MCDH0000290, although due to the different hole punch at the top of the page, Hardin might not have realized those are the same document. The Court **ORDERS** MCDH to produce MCDH000279 without these seven words redacted.

The Court finds that the attorney-client privilege redactions in Exhibit 5 are proper.

*  *  *

This order resolves ECF No. 253 and what remains of ECF No. 234.

**IT IS SO ORDERED.**

Dated: September 11, 2019

THOMAS S. HIXSON
United States Magistrate Judge