UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN HARDIN,<br><br>    Plaintiff,<br><br>v.<br><br>MENDOCINO COAST DISTRICT HOSPITAL, et al.,<br><br>    Defendants. | Case No. 17-cv-05554-JST (TSH)<br><br>**DISCOVERY ORDER (PUBLIC REDACTED VERSION OF ECF NO. 245)**<br><br>Re: Dkt. No. 211 |

Defendant Mendocino Coast District Hospital hired attorney D'Anne L. Gleicher of WG+R Law Group to investigate and prepare a report about complaints of harassment made by Plaintiff Ellen Hardin and another employee, Business Office Manager Cindy Richards. In general, reports such as this are attorney-client privileged. Here, MCDH "concedes that the privilege has been waived with regard to investigation of Plaintiff's complaints of harassment in the Gleicher report," ECF No. 191-4 at 1, because it intends to rely on Gleicher's investigation as a defense in this case. So, MCDH has produced a redacted version of the report that omits the portion discussing Richards' complaint. More recently, however, Hardin has put the investigation of Richards' complaint at issue, and in response "Defendant MCDH wishes to rely on its investigation and, accordingly, waives the attorney client privilege with respect to the investigation into Ms. Richards' complaint." *Id*. at 2.

With privilege out of the way, MCDH nonetheless observes that producing the entire report unredacted is potentially invasive of Richards' privacy. As the Court has observed in prior orders, privacy concerns require weighing the relevance and importance of the evidence at issue

against an employee's legitimate expectations of privacy. Here, that weighing counsels decisively in favor of producing the entire report unredacted. [REDACTED]

It's true that producing the entire report unredacted implicates Richards' privacy to some extent. [REDACTED] Further, there is a protective order in this case, ECF No. 66, and the Court **ORDERS** that the Gleicher report is "confidential" within the meaning of the protective order. That should be sufficient to protect Richards' privacy interests while allowing Hardin access to relevant and important evidence. Accordingly, the Court **ORDERS** MCDH to produce the Gleicher report unredacted in its entirety.

The next question is what to do about the exhibits to the report. MCDH states that "[i]n the spirit of cooperation, Defendant is willing to produce the exhibits to the Gleicher Report if so ordered by the Court, but would appreciate specific guidance from the Court regarding whether confidential third party and patient information and attorney-client privileged communications may be redacted from the produced exhibits." ECF No. 191-4 at 3. The answer is yes, MCDH may redact those items from the produced exhibits. With those important exceptions, the Court **ORDERS** MCDH to produce the exhibits to the Gleicher Report.

**IT IS SO ORDERED.**

Dated: September 23, 2019

THOMAS S. HIXSON
United States Magistrate Judge

2