UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN HARDIN,<br><br>   Plaintiff,<br><br> v.<br><br>MENDOCINO COAST DISTRICT HOSPITAL, et al.,<br><br>   Defendants. | Case No. 17-cv-05554-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>Re: ECF No. 295 |

Before the Court is Plaintiff Ellen Hardin's motion to enforce settlement agreement. ECF No. 295. As discussed below, the Court concludes that the parties have an enforceable settlement agreement, but that the terms of the agreement are contrary to the position set forth in Hardin's motion. The Court will therefore grant the motion in part and deny it in part.

**I. BACKGROUND**

Plaintiff Ellen Hardin brings this employment case, including allegations of retaliation under the federal False Claims Act, against her former employer, Mendocino Coast District Hospital ("MCDH"). She has also named the following individuals as defendants: Bob Edwards, MCDH's chief executive officer; Steve Lund, the president of MCDH's board of directors; and Wade Sturgeon, MCDH's chief financial officer.

The parties attended a mediation session with a private mediator, Lynn Frank, on September 22, 2019. ECF No. 295 at 10; ECF No. 313-1 ¶ 2; ECF No. 313-2 ¶ 2. The mediator circulated a mediator's proposal on September 23, 2019.[1] ECF No. 313-3; ECF No. 312 ¶ 3. Among other terms, the proposal stated that:

---

[1] The proposal is erroneously dated September 20, 2019. ECF No. 313-3 at 2.

1. Defendant shall pay to Plaintiff the sum of $2,750,000.

. . .

3. The payment will be made for personal injury damages to attorney Twila White's Client Trust Account pursuant to a Form 1099. Plaintiff or plaintiff's attorney reserve the option to structure all or a portion of the settlement proceeds *and defendant shall coordinate with [a] structured annuity planner with respect to ensuring proper IRS language is included in the release and assignment not to void using a structured settlement.*

ECF No. 313-3 at 2 (emphasis added). The remaining terms are not in dispute.

On September 27, 2019, Defendants and their counsel signed a revised memorandum of understanding that they sent to the mediator. ECF No. 313-1 ¶ 6; ECF No. 313-2 ¶ 4; ECF No. 313-4. The MOU revised paragraphs 1 and 3 as follows:

1. MCDH and/or its insurer, BETA Healthcare Group, a California joint powers agreement (hereinafter "BETA") shall pay to Plaintiff the sum of $2,750,000.00 ("Settlement Sum").

. . .

3. The Settlement Sum will be paid by check made payable to "Ellen Hardin and the Trust Account of the Law Office of Twila S. White." Appropriate IRS Forms 1099 shall be issued[.] Plaintiff reserves the option to structure all or a portion of the settlement proceeds into an annuity.

ECF No. 313-4 at 2-3. Notably, Defendants did not include in the revised MOU any reference to their coordination with a structured annuity planner or any other obligations with respect to potentially structuring the settlement.

Defendants' counsel state in declarations that, after they sent the revised MOU to the mediator, they:

> explained to her by telephone that meant that Plaintiff was free to purchase an annuity on her own after receipt of the Settlement Sum but that Defendants were not interested in taking on the risk of entering into an Assignment Agreement with a third party because this was not a personal injury case and the Settlement Sum is fully taxable. Ms. Frank said she would communicate this to Plaintiff's counsel.

ECF No. 313-2 ¶ 5; *see also* ECF No. 313-1 ¶ 6.

Hardin and her counsel signed the revised MOU on October 11, 2019. ECF No. 295 at 14-15. The agreement provides for execution of a long-form settlement agreement but further

2

provides that, "[u]ntil such time that a long-form settlement agreement is executed by the parties, this executed and accepted short-form settlement agreement shall be treated as an enforceable, binding settlement agreement pursuant to California Code of Civil Procedure Section 664.6 and shall be admissible as evidence for the purpose of enforcing this binding agreement." *Id.* at 13-14.

Hardin now "requests that this Court compel compliance with the settlement agreement and compel Defendants to properly participate in permitting Plaintiff and her attorney to structure all or part of the settlement proceeds as the agreement requires." ECF No. 295 at 3. Defendants counter that the "settlement should be enforced without structured payments." ECF No. 313 at 10.

## II. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

## III. LEGAL STANDARD

A district court may "enforce summarily an agreement to settle a case pending before it. However, the district court may enforce only complete settlement agreements. Where material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (citations and emphasis omitted). "The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). "Under California law, the intent of the parties determines the meaning of the contract. The relevant intent is 'objective' – that is, the intent manifested in the agreement and by surrounding conduct – rather than the subjective beliefs of the parties." *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992) (citations omitted).

## IV. DISCUSSION

The parties do not dispute that they all signed the revised MOU containing the language excerpted above. No party has requested an evidentiary hearing, and the Court concludes that there is "no need for an evidentiary hearing on whether an agreement existed, or what its terms were." *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1139 (9th Cir. 2002).

There is also no dispute that the agreement allows Hardin "the option to structure all or a

3

portion of the settlement proceedings into an annuity." ECF No. 295 at 13. The question is whether the agreement requires Defendants to participate in that structuring. The Court concludes that it does not.

The mediator circulated a draft agreement that would have required Defendants to "coordinate with [a] structured annuity planner with respect to ensuring proper IRS language is included in the release and assignment not to void using a structured settlement." ECF No. 313-3 at 2. Defendants removed that language when they drafted the revised MOU, essentially making a counteroffer that Hardin could reserve the option to structure the settlement proceeds into an annuity, but that Defendants were not required to participate in that structuring. When Hardin signed Defendants' revised MOU, she agreed to those terms.

The Court does not reach Hardin's arguments regarding how to construe an ambiguous contract because the agreement in this case is not ambiguous. It clearly states that the settlement funds would be "paid by check made payable to 'Ellen Hardin and the Trust Account of the Law Office of Twila S. White.'" ECF No. 295 at 13. Likewise, Defendants clearly rejected the mediator's proposal that they be required to coordinate with a structured annuity planner. It would be unreasonable to construe the agreement as requiring such coordination.

The parties dispute whether the structured settlement proposed by Hardin is permissible under the United States Tax Code, but the Court need not and does not decide that question.[2]

## CONCLUSION

Hardin's motion to enforce the settlement agreement is granted in part and denied in part. The parties have an enforceable settlement agreement, but that agreement does not require Defendants to participate in structuring the settlement. To the contrary, the agreement requires only that Defendants "pay to Plaintiff the sum of $2,750,000.00 . . . by check made payable to 'Ellen Hardin and the Trust Account of the Law Office of Twila White.'" ECF No. 313-5 at 9-10.

By January 31, 2019, the parties shall file either a stipulation of dismissal or a one-page

---

[2] The Court therefore need not consider the exhibits that Hardin attempted to attach to the declaration of Traci Kaas, a settlement consultant. The Court notes, however, that the record does not contain these exhibits despite three efforts by Hardin to file her reply brief. *See* ECF Nos. 314-16.

4

joint statement explaining why they were unable to file such a stipulation. The Court also hereby sets a case management conference on February 11, 2020. That conference will be vacated automatically if a stipulation of dismissal is timely filed. Any continuance of either of these deadlines requires a showing of good cause. All other deadlines and hearings are vacated.

**IT IS SO ORDERED.**

Dated: December 20, 2019



JON S. TIGAR
United States District Judge